STATE OF LOUISIANA

VERSUS

DARREL JONES

NO. 25-KH-417

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

October 08, 2025

Linda Tran
First Deputy Clerk

**IN RE** DARREL JONES

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE JACQUELINE F. MALONEY, DIVISION "D", NUMBER 03-7501

Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.

**WRIT DENIED**

Relator, Darrel Jones, seeks review of the trial court's July 7, 2025 ruling denying his motion to declare unconstitutional as written and applied La. Const., Art. I, §17 A and La. C.Cr.P. art. 782 A. For the reasons stated herein, relator's writ application is denied.

On April 14, 2004, relator was found guilty by a non-unanimous jury of manslaughter. The trial court sentenced him on May 13, 2004, to forty years imprisonment at hard labor. Relator's conviction and sentence were affirmed. State v. Jones, 05-735 (La. App. 5 Cir. 02/27/06), 924 So.2d 1113, writ denied, 07-151 (La. 10/26/2007), 966 So.2d 567.

On June 27, 2025, relator filed a "Motion to Declare Unconstitutional as Written and Applied Louisiana Constitution Article 1, Section 17(A) and Louisiana Code of Criminal Procedure Article 782(A), in Violation of Louisiana Constitution Article I, §3. Right to Individual Dignity" with the trial court. On July 7, 2025, the

trial court denied relief, finding that relator's motion was an application for post-conviction relief ("APCR"), and therefore, it was untimely and successive under La. C.Cr.P. arts. 930.8 and 930.4.

Relator filed the instant writ application with this court,[1] requesting review of the trial court's judgment. He argues that the trial court erroneously treated his constitutional challenge to La. Const., Art. I, §17 and La. C.Cr.P. art. 782 as a post-conviction claim, rather than a civil claim. At the time of his conviction and sentencing in 2004 allowed for a non-unanimous jury verdict.[2]

The Louisiana Supreme Court has recognized that courts should "look through the caption of the pleadings in order to ascertain their substance and to do substantial justice." See State v. Moses, 05-787 (La. App. 5 Cir. 05/09/06), 932 So.2d 701, 706 n.3, writ denied, 06-2171 (La. 04/05/07), 954 So.2d 140. Despite relator's characterization of his motion as a civil action based on the alleged unconstitutionality of Louisiana's non-unanimous jury statutes at the time of his 2004 trial, for all practical and procedural purposes, relator is essentially challenging the validity of his conviction. Thus, we find the trial court correctly found relator's claim to be in the nature of post-conviction relief as set out in La. C.Cr.P. art. 924, which explains that an APCR "means a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside." Consequently, we further find that relator's APCR is untimely pursuant to La. C.Cr.P. art. 930.8, which provides that an APCR

---

[1] On September 17, 2025, this court's Clerk of Court mailed a letter to the Louisiana Attorney General's Office ("AG's Office"), informing it that the constitutionality of La. Const., Art. I, §17 and La. C.Cr.P. art. 782 was raised in relator's writ application, giving the office an opportunity to brief this issue. To date, the AG's Office has not done so. To the extent relator requests this court order a response from the Attorney General, there appears to be no statutory requirement for a response to be filed.

[2] La. C.Cr.P. art. 782 deals with the number of jurors composing a jury and the number of jurors needed to concur for a verdict. Non-unanimous jury verdicts were previously allowed under both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782 and in relator's case where the charged offense occurred in 2003 and his trial occurred in 2004. Both La. Const. Art. I, § 17 and La. C.Cr.P. art. 782(A) currently provide, in pertinent part, that a case for an offense committed prior to January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict, and that a case for an offense committed on or after January 1, 2019, in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.

must be filed within two years of the judgment of conviction and sentence becoming final.

To the extent that relator's claim rests on an October 11, 2018 Eleventh Judicial District Court ruling by Judge Stephen Beasley in State v. Melvin Cartez Maxie, No. 13-CR-72522 (La. 11th Jud. Dist., 10/11/18) declaring Louisiana Constitution Article I, § 17 and La. C.Cr.P. art. 782 unconstitutional (which at the time allowed convictions based on non-unanimous jury verdicts), this decision does not qualify as an exception to the time limits under La. C.Cr.P. art. 930.8 A(2). Specifically, Maxie is not "a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling." See La. C.Cr.P. art. 930.8 A(3). Furthermore, the Louisiana Supreme Court found that the declaration of unconstitutionality in Maxie was erroneous. See State v. Hodge, 19-568, 19-569 (La. 11/19/19), 286 So.3d 1023, 1028. Additionally, in State v. Reddick, 21-1893 (La. 10/21/22), 351 So.3d 273, 283, the Louisiana Supreme Court held that "the new rule of criminal procedure announced in Ramos [v. Louisiana, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020)] that requires unanimity in jury verdicts is not retroactive on state collateral review in Louisiana."

Accordingly, for the foregoing reasons, relator's writ application is denied.

Gretna, Louisiana, this 8th day of October, 2025.

**SJW**
**FHW**
**JJM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY <u>**10/08/2025**</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-KH-417**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Jacqueline F. Maloney (DISTRICT JUDGE)
Grant L. Willis (Respondent)                   Thomas J. Butler (Respondent)

### MAILED
Darrel Jones #413323 (Relator)
Rayburn Correctional Center
27268 Highway 21
Angie, LA 70426